IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY WARREN HANCOCK. JR. #56765-037 Plaintiff, | * * | |
| v. | * | Civil Action No. DKC-18-77 |
| THOMAS M. SULLIVAN MICHAEL THOMAS PACKARD JOHN CHAMBLE GARY EDWARD PROCTOR LAKEYTRIA WINDRAY FELDER PATRICIA SLATER ERICK GONZALEZ EUGENE WHITE ROBERT STEVENSON RICHARD WOHKITTEL VALENCIA MOSS DESMON DAWSON MAIUSZ RICHTER Defendants. | * * * * * * | |

*****

**MEMORANDUM OPINION**

On May, 29, 2013, a criminal indictment was filed against Gary Warren Hancock. After a six-day jury trial, on May 6, 2015, Hancock was found guilty of interference with commerce by robbery, possession of a firearm in furtherance of a crime of violence, and possession of a firearm by a person convicted of a crime punishable by imprisonment for one year or more, in violation of 18 U.S.C. §§ 1951(a), 924(c)(1)A)(ii), and 922(g)(1). Hancock was sentenced on March 3, 2016 and the judgment was docketed on March 4, 2016. *See United States v. Hancock*, Criminal No. GJH-13-0274. (D. Md.). A Notice of Appeal was filed that same day and remains pending before the United States Court of Appeals for the Fourth Circuit.[1] *See United States v. Hancock*, Case No. 16-4122, ECF No. 84 (4th Cir. March 28, 2017) (unpublished order placing case in abeyance for *Dimaya*, last reviewed May 30, 2018).

---

[1] On March 28, 2017, the Fourth Circuit placed the appellate case in abeyance, pending a decision in *Sessions v. Dimaya* No. 15-1498. The Supreme Court issued a decision in *Dimaya* on April 17, 2018. *See Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

On January 9, 2018, Hancock, who is currently confined at the United States Penitentiary in Jonesville, Virginia, filed a self-represented civil rights complaint, citing to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 or a "Bivens"[2] action. The complaint was accompanied by a motion to proceed *in forma pauperis* (ECF No. 2.) Hancock's complaint names multiple defendants, including Assistant United States Attorneys, employees of the Office of the Federal Public Defender, Hancock's court-appointed Criminal Justice Act (CJA) defense attorney, several police officers, and an Information Technology (IT) specialist employed by the Bowie, Maryland Police Department, and a police officer with the Prince George's County Police Department.

Hancock complains that he was forcefully rammed off of his motorcycle by an unmarked police cruiser on May 2, 2013. He states that the "dash–cam" video of him being rammed off his motorcycle in a PIT maneuver[3] was shown to him by his defense attorney at the time (LaKeytria Windray Felder) while he was detained at a local jail. Hancock alleges that this defense attorney refused to raise Fourth Amendment excessive force issues per Hancock's request, causing him to request a new attorney. He states that a new attorney (Gary Proctor) was appointed to represent him. ECF No. 1, pp. 6-8.

Hancock claims that upon review of the "defense file" provided by the prosecution, it was determined that defense attorney Proctor had possession of all digital discovery except for the "dash-cam" video showing the vehicular pursuit and the PIT maneuver. He claims that Proctor was also not provided the original police report, which set out the route of the pursuit. Hancock states that the replacement video that was provided to Proctor and Hancock had been altered and was "different"[4] from the one he had previously seen at the local jail. ECF No. 1, pp.

---

[2]  *See Bivens v. Six Unknown Named Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971).

[3]  Hancock refers to ramming as a "PIT maneuver."

[4]  Hancock states that the replacement video did not contain the PIT maneuver as the camera angle had been changed so that the motorcycle appeared to have crashed off camera. He further maintains that

2

9-11. He claims that a number of his self-represented motions filed in the criminal case were supported by the original/authentic dash-cam video and the continued use of the fabricated video caused him severe and permanent emotional distress and psychological trauma. *Id.*, p. 12. Hancock claims that there was a second fabricated video provided by a prosecutor at an in-court hearing purportedly taken from the police cruiser of Prince George's County Police Officer Dawson. He states that the route of pursuit shown on the video, as well as a detail of his motorcycle (without a license plate) was altered from the original video. *Id.*, pp. 16-17.

Hancock additionally complains that an investigator for the Federal Public Defender, Patricia Slater, provided a copy of the fabricated video and passed it off as the original video. He states that in furtherance of the "conspiracy," defense counsel Gary Proctor allowed the criminal case to proceed with the fabricated videos and refused to investigate or hire an investigator to help prove the false nature of the evidence and requested a mental evaluation of Hancock, causing a delay in the proceedings. He further asserts that several Bowie police officers, Eugene White, Erick Gonzalez, and Robert Stevenson, testified in support of the fabricated evidence. He complains that he filed several subpoenas for the original "dash-cam" video with the Bowie Police Department but received multiple blank discs in response. He alleges that an IT Specialist, Mariuz Richter, with the Bowie Police Department, testified falsely at trial as to the authenticity of the video presented and that Bowie Police Officer Moss wrote a statement that had incorrect information in it. He accuses Defendants Felder and Proctor of legal malpractice. ECF No. 1, pp. 19-26, & 29.

Hancock seeks declaratory relief related to the alleged perjured testimony, furnishing of a false statement, and presentation of evidence regarding the aforementioned fabricated material. He also seeks unspecified compensatory damages, jointly and severally against Defendants for

---

the replacement video altered the route of the pursuit onto the Capital Beltway I-495. ECF No. 1, pp. 12-13.

the denial of his due process rights and legal malpractice, as well as unspecified punitive damages. *Id.*, pp. 29-40.

Hancock sought leave to amend or correct his complaint, to delete one section and include another paragraph which raises allegations against Defendants Proctor, Sullivan, and Chamble regarding the fabricated "dash-cam" video. ECF No. 3 & ECF No. 3-1. The motion to amend/correct complaint will be granted.

Next, Hancock has filed a motion to change venue. ECF No. 5. He opines that as this suit names several prosecutors and public defenders associated with the Southern Division courthouse, he believes a conflict of interest exits as the court has a "friendly rapport" with the Defendants. He asks that the case be reassigned to the Northern Division court in Baltimore, Maryland. *Id.*

Hancock's motion to change venue will be denied. Under 28 U.S.C. § 1391(b), venue is proper in a given "judicial *district*," not a specific division within that district. 28 U.S.C. § 1391(b) (emphasis added). Moreover, "[t]he assignment of a case to the Southern Division…or the Northern Division … is governed by Local Rule 501," which "is simply a 'rule of administrative convenience' that does not 'confer any rights upon any litigant.'" *Tall v. P'ship Dev. Grp., Inc*, No. RDB-15-3352, 2016 WL 1696466, at *4 (D. Md. Apr. 28, 2016) (quoting Loc. R. 501.1), *aff'd sub nom. Tall v. P'ship Dev. Grp., Inc.*, 669 Fed App'x 679, 2016 WL 6123507 (4th Cir. Oct. 20, 2016). Under Local Rule 501.3, "[a]ll district judges shall be assigned a pro-rata share of all (i) habeas corpus cases and (ii) civil rights cases filed by prisoners." This case was assigned to the undersigned based upon the bench's pro-rata share of cases and the fact that Hancock's prior civil rights cases were so assigned. There is nothing improper about the current case assignment. *See Tall*, 2016 WL 1696466, at *4; Loc. R. 501.1, 501.3.

The court has reviewed the matter pursuant to 28 U.S.C. § 1915A[5] and generously construes the complaint to raise Fourth, Fifth, and Sixth Amendment claims seeking declaratory relief and damage claims going to the legality of Hancock's federal district court convictions, convictions which remain before the Fourth Circuit on appeal.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court ruled:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.... But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

The complaint allegations, if allowed to proceed, will go to the validity of Hancock's criminal judgment. As in *Heck* itself, the pendency of an appeal does not change the result. Unlike where criminal trial proceedings are ongoing or imminent, as in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), a judgment has been entered in this case. Accordingly, the claims will be dismissed without prejudice.

Date: May 31, 2018  _____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[5] Section 1915A authorizes courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity." 28 U.S.C. § 1915A. The court may dismiss the complaint when it is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).